**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TRACI MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.:  22-cv-01176** |
| **OSF HEALTHCARE SYSTEM d/b/a** | ) | |
| **OSF CENTER FOR HEALTH** | ) | **JURY DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, Traci Morgan ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, P.C., and in complaining of the defendant, OSF Healthcare System d/b/a OSF Center for Health  ("Defendant"), and states as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff brings this action under the Plaintiff brings this action for under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII"), or Defendant discriminating against Plaintiff on the basis of her sex, subjecting Plaintiff to a hostile work environment because of her sex/gender, and for retaliating against her for her complaints of the same.

2.      Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331.

3.      Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

**PARTIES**

4.     Plaintiff is an adult, female individual and a resident of Ottawa, Illinois.

5.     Defendant is, and was at all times relevant to the allegation herein, a not for profit domestic corporation organized under the laws of the State of Illinois doing business in Illinois and other surrounding states.

6.     At all times relevant to the allegations herein, Plaintiff was employed by Defendant at its Streator, Illinois location.

7.     At all times relevant to the allegations herein, Defendant was an "employer" of Plaintiff as that term is defined under Title VII, 42 U.S.C. § 2000e(b).

8.     At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under Title VII, 42 U.S.C. § 2000e(f).

9.     Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") ("Exhibit A") and thereafter was sent a "Right to Sue letter", dated December 7, 2021 ("Exhibit B").

10.     Plaintiff timely filed this Complaint with the United States District Court for the Northern District of Illinois.

**FACTUAL ALLEGATIONS**

11.     Plaintiff began her employment with Defendant in or around July 2018 as a level 3, day shift housekeeper.

12.     At all times relevant to the allegations herein, Plaintiff was meeting the legitimate job performance expectations of Defendant.

13.     In or around the fall of 2018, Plaintiff was frequently subjected to several inappropriate sexual comments by her director, Chris Sherman ("Sherman").

14.    In spring of 2019 Plaintiff was offered a promotion by her director Chris Sherman ("Sherman"). Prior to taking the position, Sherman assured Plaintiff that she would be provided the necessary training for the position.

15.    Plaintiff received one 2-hour computer training course before starting the supervisor position at the Streator location.

16.    Immediately upon starting the supervisor position, Sherman went on FMLA leave for 3 months, leaving Plaintiff with no guidance or additional training.

17.    While Sherman was on FMLA, Plaintiff's coworkers/subordinates treated her disrespectfully and rude.

18.    Plaintiff contacted Sherman about the issues she was having with her coworkers/subordinates, to which he responded that she was just missing him while he was away.

19.    Plaintiff was disciplined for lack of professionalism in late 2019/early 2020. Plaintiff ostensibly accepted responsibility and requested additional training on how to handle similar situations in the future, but none was provided to her.

20.    Not long after Sherman returned from FMLA leave, he resumed making inappropriate sexual comments to Plaintiff.

21.    For instance, on one occasion when Sherman and Plaintiff were walking down a hallway together, Plaintiff asked Sherman if she was walking too fast because he was not keeping up with her, to which Sherman responded, "No, I just like the view from here."

22.    On another occasion, while Plaintiff was at her workstation working on payroll, she commented out loud about a convoluted timecard, "Wow, this is a hard one." At that point, Sherman leaned back in his chair, put his hands behind his head, and said, "I have a hard one

3

over here too."

23.    Sherman also frequently made comments to Plaintiff about her missing him, sent her sexually charged text messages, and would complain that she was always kissing the maintenance worker but would not kiss him.

24.    Sherman also started rumors in the workplace that a maintenance worker, who her job duties of supervisor required her to work with from time to time, was Plaintiff's "boyfriend."

25.    After one of Plaintiff's coworkers told her that she had also heard such comments, Plaintiff spoke to Sherman in or around February 2020 and explicitly asked him to stop making sexually inappropriate comments to her, starting rumors that the maintenance worker was her boyfriend, and suggesting that she was having an affair with him because she felt that such comments were unprofessional, and they were upsetting her.

26.    Sherman responded, "I'm sorry you feel that way," and left the office not long after. From that point forward, Sherman ignored Plaintiff's work-related texts, told her that he would only communicate with her through email (despite the fact that staff normally communicated by way of text) and would typically only respond to her with one word or one sentence, and avoided speaking with her.

27.    On or about April 2, 2020, Plaintiff was given the option of either being demoted to a level 1 night shift housekeeper or being terminated without reasonable cause.  Plaintiff elected to take the demotion under protest.

28.    On that same day, Plaintiff had an anxiety attack and took FMLA leave for approximately two weeks due to mental health issues prompted by Defendant's sexually inappropriate and retaliatory conduct.

29.    When Plaintiff returned, she was assigned to clean a building by herself that had

previously always been assigned to two staff members to clean.

30.     The insurmountable workload caused Plaintiff to injure her shoulder and on August 8, 2020, she was constructively terminated (she resigned).

**COUNT I**
**(TITLE VII SEX DISCRIMINATION)**

31.     Plaintiff re-alleges paragraphs 1 through 30 and incorporates them as if fully set forth herein.

32.     Title VII, 42 U.S.C. §2000e-2(a)(1), makes it unlawful for an employer to discriminate against any employee based upon his or her sex.

33.     By its conduct as alleged herein, Defendant has discriminated against Plaintiff and subjected her to different terms and conditions of employment based upon her gender, including but not limited to, subjecting her to a hostile work environment, demoting her, and constructively terminating her.

34.     As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

35.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon sex in the workplace.

36.     Plaintiff demands to exercise her right to a jury trial of this matter.

**COUNT II**
**(TITLE VII RETALIATION)**

37.     Plaintiff re-alleges paragraphs 1 through 30 and incorporates them as if fully set forth herein.

38.     Title VII, 42 U.S.C. §2000e-3, makes it unlawful for an employer to retaliate against any employee for engaging in protected activity, such as opposing employment

5

discrimination that is prohibited by Title VII.

39.     Plaintiff engaged in protected activity when she opposed Sherman subjecting her to a sexually hostile work environment.

40.     By its conduct alleged herein, Defendant retaliated against Plaintiff for engaging in protected activity when it subjected her to a hostile work environment, demoted, and constructively terminated.

41.     As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

42.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from retaliation for engaging in protected activity.

43.     Plaintiff demands to exercise her right to a jury trial of this matter.

## RELIEF REQUESTED AS TO COUNT II

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:

a)      Award Plaintiff the value of all actual damages to be proved at trial;

b)      Award Plaintiff compensatory damages for emotional distress;

c)      Award Plaintiff punitive damages;

d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)      Award Plaintiff equitable/injunctive relief;

f)      Award Plaintiff any and all other relief as the Court deems just in the premises.

**TRACI MORGAN**

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

6

Michael T. Smith (6180407IL)
LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099
Msmith39950@aol.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TRACI MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.:  22-cv-01176** |
| **OSF HEALTHCARE SYSTEM d/b/a** | ) | |
| **OSF CENTER FOR HEALTH** | ) | **JURY DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**<u>COMPLAINT</u>**

# EXHIBIT A

EEOC 5/11/2020

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | 440-2020-04858 |
| X | EEOC | |

| | and EEOC |
|---|---|

| State or local Agency, if any | | S.S. No. |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mrs. Traci L. Morgan | ▮▮▮▮▮ |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ▮▮▮▮ | ▮▮▮▮ | ▮▮▮▮ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (if more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| OSF Center for Health | 500+ | (815) 431-5272 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 111 Spring Street, Streator, Illinois 61364 | | LaSalle |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

| | | | | | |
|---|---|---|---|---|---|
| ☐ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ AGE | |
| ☒ RETALIATION | ☐ NATIONAL ORIGIN | ☐ DISABILITY | ☐ OTHER (Specify) Hostile Environment | | |

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| February of 2020 | Present |
| ☒ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on July of 2018. My most recent pstion was Supvisor EVS. I have been subjected to a hostile work environment due to my sex. I have complained about my treatment and have since been retaliated and demoted.

I believe that I have been discriminated and retaliated based on my sex in violation of Title VII of the Civil Rights Act of 1964 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and local Requirements) |
|---|---|
| *Traci Morgan* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. X | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TRACI MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 22-cv-01176** |
| **OSF HEALTHCARE SYSTEM d/b/a** | ) | |
| **OSF CENTER FOR HEALTH** | ) | **JURY DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**<u>COMPLAINT</u>**

# EXHIBIT B

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Traci L. Morgan<br>C/O Michael T. Smith<br>**LAW OFFICES OF MICHAEL T. SMITH & ASSOCIATES**<br>**10 N. Martingale Road**<br>**Suite 400**<br>**Schaumburg, IL 60173** | From: | **Chicago District Office**<br>**230 S. Dearborn**<br>**Suite 1866**<br>**Chicago, IL 60604** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2020-04858** | **Jerry Zhang,**<br>**Investigator** | **(312) 872-9694** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/eh*                                            12/7/2021

Enclosures(s)

**Julianne Bowman,**
**District Director**                                            *(Date Issued)*

cc:

**Karen Russell**
**Employee Relations Director**
**OSF HEALTHCARE SYSTEM**
**1100 E Norris Drive**
**Ottawa, IL 61350**